### 63.  SEABOARD AIR-LINE RAILWAY *v.* BOSTOCK.

HILL, C. J.   1. The declaration as amended is good as against a general demurrer.

2. The principle of law contained in the Civil Code, § 3830, that "if the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover," having been clearly and distinctly raised by the answer and the evidence, it was reversible error for the court not to have given this law in charge to the jury, even without any request to do so. *Atlanta Ry. Co.* v. *Gardner*, 122 *Ga.* 92, 93 (7).

3. Where one of the grounds in the motion for new trial is the failure of the court to charge the above principle of law, and the question is made before this court that there is no sufficient verification of this ground, the court will examine the record and bill of exceptions to ascertain if such is the fact; and where it appears from the record that said ground of the motion was presented to the trial court, considered, and overruled, and it further appears that the entire charge delivered to the jury had been approved by the judge, and was at that time a part of the record, and, from an examination thereof, it is manifest that the court did not give in charge the foregoing principle, such facts, taken together, will be considered by this court as a sufficient verification of said ground of the motion. *Colson* v. *Meyers*, 80 *Ga.* 499 (3).

4. The error of the court set out in the second headnote requiring a new trial, a decision on the other assignments of error is not necessary.

*Judgment reversed.*

Action for damages, from city court of Savannah—Judge Norwood.  February 24, 1906.

Argued February 5,—Decided February 13, 1907.

The plaintiff alleged, that he was employed by the defendant company as a switchman, and while so engaged it became his duty to place against the wheel of a box-car a chock, being a piece of scantling four by four inches square, and four or five feet long; that the railroad-track ran east and west, and the chock was placed on the south rail of the track, ten or twelve inches of the end of the chock being between the rails, and the longer part pointing south and being held in its position by being pressed against the car-wheel; that he adopted the proper and usual method of chocking the wheel to prevent the car from rolling west and to cause it to remain stationary; that the object in chocking the wheel was to enable other servants of the company to couple a train to this box-car; that it was the duty of the engineer of the train to have so backed it as to avoid coming in contact with the box-car with unusual force and violence, but he backed the train against the

box-car with such great and unusual force and violence that the wheel of the moving train ran upon the chock and threw the projecting end of it around, so that it struck the plaintiff on the right leg near the knee, throwing him to the ground and producing a wound that has resulted in permanent injury to him (describing it, and alleging the damages sustained) ; that he did not know and could not by ordinary care have known that the engineer was about to strike the stationary car and the projecting scantling with great and unusual force and violence, but had reason to believe that he would have caused the train to back slowly and with due care. By its answer the defendant alleged that the injuries complained of were not caused by any negligence on its part, but were caused by the plaintiff's negligence, or arose from one of the risks of the business in which he was engaged; that by the exercise of ordinary care he could have avoided the injuries, and he did not exercise such care. There was a verdict for the plaintiff; and the defendant excepted to the overruling of its general demurrer to the petition, and of its motion for a new trial. The other material facts sufficiently appear in the headnotes.

 *J. Randolph Anderson,* for plaintiff in error.

 *Garrard & Meldrim,* contra.