2209.  JACKSON *v.* GEORGIA RAILROAD & BANKING CO.

HILL, C. J.  1. In a suit by a passenger against a railroad company to recover damages for personal injuries caused by the running of its train, it is not error for the court to charge as follows: "The burden of proof is on the plaintiff, the presumption being first against him; but if the testimony shows that the plaintiff is injured, that proof raises a presumption of the defendant's negligence, and casts the burden on him." Although the charge that the presumption was first against the plaintiff was not technically correct, yet, as the burden was on him to make out a prima facie case, the practical effect was the same, and the jury could not have been misled, or the plaintiff injured by such a charge.

2. It was not error to charge that if the jury found from the evidence that the plaintiff had a "clear chance" to avoid the consequences of the defendant's negligence, there could be no recovery. The words "clear chance" are of ordinary significance and easily understood by the jury, and it was not necessary for the court to define their meaning. If the plaintiff had a "clear chance" to avoid the consequences of the defendant's negligence, it follows that he could have avoided such negligence by the exercise of ordinary care. Nor is this instruction improper because it is equivalent to telling the jury what is or is not negligence. It is the duty of the court always, where the issue is raised by the pleadings and the evidence, to charge this principle of law, and a failure to do so would be reversible error. *Seaboard Air-Line Railway* v. *Bostock*, 1 *Ga. App.* 189 (58 S. E. 136); *Atlanta, K. & N. Ry. Co.* v. *Gardner*, 122 *Ga.* 92 (49 S. E. 818).

3. If the court committed any error in instructing the jury as to how they could use the annuity tables, it was rendered harmless by the finding that the plaintiff was not entitled to recover anything.

4. The trial judge has a right to reopen a case at any time for the introduction of additional testimony, and this discretion will not be disturbed, unless manifestly abused; and where the judge, after the evidence was closed, reopened the case and allowed the introduction of another witness by the defendant, it was not an abuse of his discretion to do so in the absence of one of the attorneys for the defendant, where the attorney who filed the petition and who was apparently the leading counsel was present and cross-examined the witness.

5. The charge as a whole clearly, fully, and accurately presented to the jury the law applicable to the issues made by the evidence. No material error appears to have been committed, and the evidence fully supports the verdict.      *Judgment affirmed.*

Action for damages; from city court of Sparta—Judge Little. August 27, 1909.

Argued December 20, 1909.—Decided April 19, 1910.

*Robert L. Merritt, Robert L. Berner,* for plaintiff.

*Joseph B. & Bryan Cumming, W. H. Burwell,* for defendant.