### 12056. HINES, director-general, *v.* SNELL, administratrix.

JENKINS, P. J. 1. Where a legal and pertinent request for a charge has been properly made, it is the duty of the judge to give it in such manner that the jury will distinctly understand that it has the sanction and approval of the court as a correct statement of the legal

proposition (*Ga. R. Co.* v. *Flowers*, 108 *Ga.* 795, 33 S. E. 874; *Blandon* v. *State*, 6 *Ga. App.* 782 (3), 65 S. E. 842); and it would be improper for the judge to weaken the effect of such a requested instruction by any act or words that might create an impression upon their minds that the charge is given, not as his own interpretation of the law, but as representing the view or contention of counsel (*Leaptrot* v. *Robertson*, 44 *Ga.* 46, 50; 38 Cyc. 1771); but where the request is plainly stated to be a part of the court's instruction on the law, the mere fact that his statement shows that he has been so requested to charge could not be held to be prejudicial.

2 Under the rulings of the Supreme Court to the effect that there is nothing in the "evidence act" of 1889 or its amendments, embodied in section 5858 of the Civil Code (1910), which "excludes" an "agent of a corporation from testifying as a witness in a case to which the corporation is a party, concerning transactions had between such . . . . agent in behalf of the corporation, and a person since deceased whose executor or administrator is the other party to the case" (*Ullman* v. *Brunswick Title Co.*, 96 *Ga.* 625 (1), 24 S. E. 409; *DeVane* v. *DeVane*, 149 *Ga.* 783 (1), 785, 102 S. E. 145, and cases cited), it was error for the court to exclude the question asked by the defendant's counsel of its section foreman, for the purpose of showing an alleged admission made to the witness by the plaintiff's decedent relative to the value of the property sued for.

*Judgment reversed. Stephens and Hill, JJ., concur.*
DECIDED MAY 14, 1921.

Action for damages; from city court of Sandersville — Judge Jordan. December 11, 1920.

*W. M. Goodwin,* for plaintiff in error.

*A. R. Wright, Rawlings & Wood,* contra.