Civil action to recover broker's commissions upon an alleged sale of real estate. The complaint is as follows:
"The plaintiffs, complaining of the defendant, come and allege:
"1. That heretofore, prior to 29 October, 1919, the plaintiffs caused a certain tract of land belonging to the plaintiff, J. F. Faison, and lying in Warsaw Township, Duplin County, North Carolina, to be surveyed and platted into various lots and parcels of land; and thereafter, on 29 October, 1919, after due advertisement, said lands were offered for sale, on the premises, to the highest bidder, upon the terms of one-fourth cash, and the balance to be paid in one, two and three years from date, said deferred payments to be represented by purchase money notes, and secured by mortgage deed upon the lands so purchased.
"That a plat of said lands is hereto attached, marked Exhibit `A' and made a part of this article.
"2. That on the date aforesaid, to wit, 29 October, 1919, said lands were duly sold upon the premises, at which time and place the defendant, S. T. Marshburn, purchased lot No. 1, and lot No. 2, according to said plat, containing 41.33 and 41.73 acres, respectively, at an agreed price of $142.50 per acre.
"3. That at the time of said sale it was publicly announced by the auctioneer that the terms of sale were as heretofore alleged, and that said sale was made according to the plat hereto attached and above referred to.
"4. That at the time of said purchase the defendant executed a written contract in words and figures as follows:
"This is to certify that I have this day bought through the Fort Realty Company, of Raleigh, N.C. lot No. 1 and No. 2, 83.06a, as *Page 142 
shown by the map of J. F. Faison, at $142.50, for which I (134) promise to pay for on the terms announced at sale.
"Witness my hand and seal this 29 October, 1919.
"(Signed) S. T. MARSHBURN. [SEAL.]
"5. That the plaintiffs have offered to execute and deliver to the defendant a good and sufficient deed for said lots, and have demanded of him the payment of one-fourth part of the purchase price, and requested him to execute and deliver to them his promissory notes, secured by a mortgage deed, in accordance with his said contract; and the defendant has failed and refused, and still fails and refuses to pay to the plaintiffs any part of said money, except the sum of $50, which was paid on the day of sale.
"6. That the total purchase price of said lands, as agreed upon, amounted to $11,836.05, of which sum $50 has been paid.
"7. That under the terms of agreement, between the plaintiff, J.F. Faison, and the plaintiff, J. J. Matthis, the said J. F. Faison was to receive one hundred and twenty-five dollars ($125) per acre from said sale, and the balance was to belong to the plaintiff, J.J. Matthis; that after deducting the $50 hereinbefore referred to, the balance due and owing to the plaintiff, J. J. Matthis, on account of said contract, is $1,403.05, which amount is now justly due and owing to him by the defendant.
"Wherefore the plaintiff, J. J. Mathis, [Matthis] demands judgment against the defendant for the sum of $1,403.05, together with the costs of this action to be taxed by the clerk."
J. F. Faison, the owner of the land, testified as follows: "I have never signed a deed because I never got the cash payment. I have never tendered the defendant Marshburn a deed to the lands in controversy. I am not bringing any suit against the defendant Marshburn nor asking for any relief against the defendant, and the option that I gave Matthis is now out. I think Matthis made a profit on the other land sold that day." At the close of plaintiff's evidence and upon motion of counsel for defendant his Honor entered judgment as of nonsuit. Plaintiff, J. J. Matthis, excepted and appealed.
We fully concur with his Honor below that, upon the evidence J. J. Matthis is not entitled to recover of the defendant Marshburn, and further, that the complaint fails to allege facts sufficient to constitute a valid cause of action. *Page 143 
It will be observed that J. F. Faison, the owner of the land, is not insisting or demanding that the defendant comply (135) with his bid. No deed has been tendered, and he expressly states that he is not asking for any relief in this action. The broker is seeking to recover his commissions out of the prospective purchaser without any sale having been consummated. His agreement was with Faison, the owner of the land, not with the defendant. The case in many respects is not unlike Aycock v. Bogue,ante, 105, except there the broker sued the owner and here he has brought suit against the bidder, who never became a purchaser.
Upon the record, and as now presented, we are of opinion that the judgment of nonsuit must be sustained.
Affirmed.