JAMES, administratrix, *v.* HUDSON.

No. 7451. MARCH 18, 1930. REHEARING DENIED APRIL 19, 1930.

*W. A., Clifford M., & Linton S. James,* for plaintiff.
*Astor Merrill,* for defendant.

GILBERT, J. ■ One ground of the motion for new trial complains that the court erred in refusing to admit in evidence the pleadings in a former suit, consisting of the petition of Cleghorn

Brothers against W. E. Hudson Jr., and his wife Lula Hudson, and the answer of Mrs. Hudson; the criticism being that the allegations in the petition to the effect that the husband was insolvent and was in possession of the land at the date of the suit were not denied in the sworn answer of the wife. This contention is not supported by the record, which shows that such allegations of the petition were denied by the defendant, Mrs. Hudson.

■ In another ground of the motion error is assigned on the refusal of the court to admit in evidence the record of the bond for title as contained in the record book of the clerk of the superior court of Douglas County. Counsel for plaintiff in fi. fa. offered in evidence the record of the bond for title in pursuance of an agreement between counsel to use such record, but there was disagreement between counsel as to the exact terms of their understanding. There was no proof of loss of the original. In such circumstances the court did not err in rejecting the evidence.

■ In several other grounds movant complains of the direction of a verdict for the claimant, contending that under the facts of the case there were disputed issues which should have been submitted to the jury; that at the time of the transfer of the bond for title by W. E. Hudson Jr. to his wife, Lula Hudson, the fi. fa. of Mrs. James against W. E. Hudson Jr. was outstanding, and that the assignment of the bond for title was made for the purpose of hindering, delaying, and defeating the collection of the amount due on said fi. fa. *Held:*

(*a*) The evidence did not demand a finding that Mrs. Hudson was in possession of the land at the time of the levy. Civil Code (1910), § 4528.

(*b*) "When a transaction between husband and wife is attacked for fraud by the creditors of either, the onus is on the husband and wife to show that the transaction was fair." Civil Code (1910), § 3011.

(*c*) There is no evidence whatever tending to show that Mrs. Hudson paid anything for the transfer of the bond for title to her, or as consideration for the deed from Cleghorn Brothers to her.

(*d*) In view of the entry of the sheriff that the husband was in possession, and the inconclusiveness of the evidence introduced by claimant on the subject of possession, and the presumption of law applicable in such circumstances, and that the transaction between

husband and wife took place at a time when there was a judgment outstanding against the husband, and the absence of evidence of payment by claimant of any consideration for the land, the verdict for the claimant was not demanded, and the court erred in not submitting these issues to the jury.

*Judgment reversed. All the Justices concur.*

### ON MOTION FOR REHEARING.

The motion for rehearing in this case points out that in a report of the evidence accompanying the decision it is stated that certain facts appearing from a bond for title from W. B. Edge to W. E. Hudson, dated April 12, 1912, were "undisputed." Our attention is called to the fact that such a bond for title was offered in evidence and rejected, and that the second headnote of our decision as rendered affirms that judgment. This is true, but in our report of the evidence we state that the bond for title was rejected. The statement that such facts were "undisputed" has been stricken from the report. This does not affect the result of the case, and the motion for rehearing is denied.