## 21801. Mitchell v. Mullen et al.

Bell, J. 1. The general rule is that instructions to the jury must be warranted by the evidence, and a charge which is not thus supported and which is calculated to mislead the jury unfavorably to the losing party will constitute ground for a new trial at his instance. *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (2) (76 S. E. 387, Ann. Cas. 1914A. 880).

2. In a suit against a father and his minor son to recover damages for injuries alleged to have been caused by the negligent operation of an automobile by the son, where there was no evidence whatever that the son was of reckless character or disposition in the operation of automobiles,

the court erred in charging the jury that where the owner of the car, "knowing the recklesss character of his minor son for driving said car, authorizes or permits him to use said car, the owner of said car is liable for any injury or damage done to another by his minor son, where it is negligently done." This charge, although applicable by its terms only to the case against the father, tended also to the prejudice of the son as a defendant, where both were sued in the same action, and, after verdict for the plaintiff against both defendants, would constitute ground for a new trial to the son upon his separate motion therefor. *Barrett* v. *Bryant*, 156 *Ga.* 614 (119 S. E. 599); *Kirkland* v. *Brewton*, 32 *Ga. App.* 128 (2) (122 S. E. 814), and cit.

(*a*) Whether the charge was a correct statement of the law as to the liability of a father, or invaded the province of the jury to determine what acts would constitute negligence, are questions not presented for decision by the present record. See, in this connection, *Hulsey* v. *Hightower*, 44 *Ga. App.* 455 (161 S. E. 664); *Southern Cotton Oil Co.* v. *Skipper*, 125 *Ga.* 368 (8) (54 S. E. 110).

3. The plaintiff being a married woman, and having sued in part for earnings alleged to have been lost by reason of physical disability for a certain period as a result of her injury, and there being no evidence of any consent or agreement by her husband that the plaintiff's earnings might be retained by her as her separate estate, the court erred in charging the jury that "the loss of labor and ability to labor is an element of recovery, according to the market value of such loss, provided the plaintiff is in other respects entitled to recover." *Roberts* v. *Haines*, 112 *Ga.* 842 (38 S. E. 109); *Georgia Railroad &c. Co.* v. *Tice*, 124 *Ga.* 459 (5) (52 S. E. 916, 4 Ann. Cas. 200); *Cotter* v. *Gazaway*, 141 *Ga.* 534 (81 S. E. 879); *Mock* v. *Neffler*, 148 *Ga.* 25 (3) (95 S. E. 673). In such a case the wife could recover for impairment of capacity to labor only "as an element or species of pain and suffering," to be measured by the enlightened conscience of an impartial jury. *Central of Georgia Ry. Co.* v. *Morgan*, 145 *Ga.* 656 (2) (89 S. E. 760); *Atlanta Street R. Co.* v. *Jacobs*, 88 *Ga.* 647 (2) (15 S. E. 825); *Metropolitan Street R. Co.* v. *Johnson*, 90 *Ga.* 500 (8) (16 S. E. 49); *Brunswick Light Co.* v. *Gale*, 91 *Ga.* 813 (2) (18 S. E. 11).

4. There being no evidence of the value of the diamond ring which the plaintiff alleged she lost at the time of the collision and as a result thereof, the court should not have submitted to the jury any question as to the plaintiff's right to recover for the loss of this property.

5. In an action to recover damages for injury to an automobile, resulting from a collision, the measure of damages is the difference between the value of the property before and after the injury. *Douglas* v. *Prescott*, 31 *Ga. App.* 684 (121 S. E. 689); *Olliff* v. *Howard*, 33 *Ga. App.* 778 (127 S. E. 821). The instruction that if the plaintiff was otherwise entitled to recover, the loss and injury to her automobile was "an element of recovery, according to the market value of such loss," was not erroneous as stating an incorrect measure of damages. If the defendant desired a more specific charge upon this question, a timely written request should have been preferred.

6. The court erred in charging the jury as follows: "It is negligence per se for any person to drive an automobile who is intoxicated or under

the age of sixteen years, unless such minor shall have had twelve months' experience in the operation of automobiles and is accompanied by the owner of the machine at the time." This charge was apparently taken from the act of 1910 (Ga. L. 1910, p. 90, § 9), whereas the present suit was based upon a transaction which occurred in September, 1927, and therefore the act of 1927 (Ga. L. 1927, p. 226, § 13), stating a somewhat different rule as to the driving of automobiles by persons under the age of sixteen years, was the law to be applied in case the pleadings and the evidence so authorized. Moreover, there was no evidence whatever tending to show that the defendant minor was intoxicated, and for this reason the charge as to intoxication was unwarranted.

(*a*) Since a new trial must be ordered upon other grounds, it is unnecessary to determine whether the charge here quoted could constitute reversible error within itself. See, in this connection, *Eagle & Phenix Mills* v. *Herron*, 119 *Ga.* 389 (3) (46 S. E. 405); *Martin* v. *Hale*, 136 *Ga.* 228 (2) (71 S. E. 133); *Dixie Mfg. Co.* v. *Ricks*, 30 *Ga. App.* 433 (3) (118 S. E. 452).

7. The charge that "if the plaintiff by the exercise of ordinary care for her own safety, after she knew of or discovered the alleged negligence of the defendant driver, could have avoided the consequence of such negligence, then she cannot recover," was erroneous upon the ground that it tended to absolve the plaintiff from any duty of exercising such care until after the actual discovery of the defendant's negligence, whereas under the pleadings and the evidence there was an issue of fact as to whether the defendant's negligence could have been ascertained, and its consequences avoided, by the exercise of ordinary care on the part of the plaintiff. *Georgia Power Co.* v. *McElroy*, 36 *Ga. App.* 143, 145 (136 S. E. 85); *Jones* v. *Alred*, 41 *Ga. App.* 472 (153 S. E. 444). See also, in this connection, *Western & Atlantic R. Co.* v. *Ferguson*, 113 *Ga.* 708 (39 S. E. 306, 54 L. R. A. 802); *Williams* v. *Southern Ry. Co.*, 126 *Ga.* 710 (55 S. E. 948); *Louisville & Nashville R. Co.* v. *McGarity*, 139 *Ga.* 472 (77 S. E. 630); *Central of Georgia Ry. Co.* v. *Larsen*, 19 *Ga. App.* 413, 418 (91 S. E. 517).

8. Error is also assigned upon the following charge: "If you find the plaintiff and defendants, or either of them, were both at fault, and the plaintiff may in some way have contributed to the injury, and the defendants, or either, could not have avoided the consequences to themselves or either of them caused by the plaintiff's negligence, if she, the plaintiff, had exercised due care, the plaintiff may recover but the amount of the damages will be diminished in proportion to the negligence attributed to the plaintiff." This charge was apparently intended to state the rule as to comparative negligence, but was inadequate for this purpose. It was not only confusing, but among other possible defects it omitted the principle that the plaintiff could not recover unless the negligence of the defendant was greater than the negligence of the plaintiff. Cf. *Americus, Preston &c. R. Co.* v. *Luckie*, 87 *Ga.* 6 (13 S. E. 105); *Atlantic Coast Line R. Co.* v. *Anderson*, 35 *Ga. App.* 292 (5), 299 (133 S. E. 63), and cit.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

Decided May 12, 1932.

*Titus & Dekle,* for plaintiff in error.

*Wilcox, Connell & Wilcox, Alexander & Jones, P. C. Andrews,* contra.