23554. WELLS *v.* STEINEK *et al.*

GUERRY, J. 1. Where the pleadings and the evidence raise the issue of whether or not the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, it is the duty of the trial judge to give in charge to the jury the law on this subject, without a request therefor. *Seaboard Air-Line Ry.* v. *Bostock*, 1 *Ga. App.* 189 (58 S. E. 136); *Atlanta, K. & N. Ry. Co.* v. *Gardner*, 122 *Ga.* 82 (49 S. E. 818); *Deen* v. *Wheeler*, 7 *Ga. App.* 507 (67 S. E. 212);

*Jackson* v. *Ga. R. &c. Co.*, 7 *Ga. App.* 644 (67 S. E. 898); *Ga. Ry. &c. Power Co.* v. *Freeney*, 22 *Ga. App.* 457 (96 S. E. 575); *Central of Ga. Ry. Co.* v. *Reid*, 23 *Ga. App.* 694 (99 S. E. 235); *Davis* v. *Whitcomb*, 30 *Ga. App.* 497 (118 S. E. 488); *Olliff* v. *Howard*, 33 *Ga. App.* 778 (127 S. E. 821); *Davies* v. *West Lumber Co.*, 32 *Ga. App.* 460 (123 S. E. 757); *Atlantic Coast Line R. Co.* v. *Canty*, 12 *Ga. App.* 411 (77 S. E. 659); *Russell* v. *Bayne*, 45 *Ga. App.* 55 (163 S. E. 290); *Savannah Electric Co.* v. *Lackens*, 12 *Ga. App.* 765 (79 S. E. 53); *Southern Ry. Co.* v. *Gore*, 128 *Ga.* 627 (58 S. E. 180); *Louisville and Nashville R. Co.* v. *Ledford*, 142 *Ga.* 770 (83 S. E. 792); *Atlantic Coast Line R. Co.* v. *Anderson*, 35 *Ga. App.* 292 (133 S. E. 63). A general denial by the defendant of a paragraph of the plaintiff's petition alleging that he was in the exercise of ordinary care is sufficient to raise that issue. *Ga. Ry. & Power Co.* v. *Freeney*, *Olliff* v. *Howard*, and *Davies* v. *West Lumber Co.*, supra. Such issue may be raised by the plaintiff's own evidence. *Southern Cotton-Oil Co.* v. *Caleb*, 143 *Ga.* 585 (85 S. E. 707). However, it was not error for the trial judge to omit to charge the jury upon this subject in the case at bar, for, although the pleadings raised such issue, nowhere is such issue raised by the evidence. The plaintiff's evidence, if credible to the jury, showed that the defendant was driving on the wrong side of the road, and the evidence nowhere showed that if the plaintiff had done anything other than he did upon seeing the defendant, he could have avoided the collision. The defendant denied all negligence and set up as a defense that the cause of the collision was that the plaintiff was on the wrong side of the road. Therefore, under the evidence, there was shown no contributory negligence on plaintiff's part, and the plaintiff's evidence did not suggest that issue.

2. The court did not err in giving in charge to the jury the law of South Carolina with reference to speed of automobiles. Although no witness undertook to testify to the exact or approximate rate of speed of the defendant at the time of the collision, there was evidence from which the jury could conclude that the defendant was running at a rapid rate of speed in excess of the speed allowed by the law of South Carolina where the collision took place.

3. The court did not commit such error in its instruction to the jury on the subject of damages as would work a reversal of the judgment. The rule laid down by the court was not a proper measure for determining damages for injury to property. For the correct rule, see *Olliff* v. *Howard*, supra; *Mitchell* v. *Mullen*, 45 *Ga. App.* 282 (164 S. E. 276). However, it could not have been harmful to the defendant, as the jury found only the amount of damages which the plaintiff sued for, this being the only amount, under the evidence, that they would have been authorized to find. It certainly was not harmful in that it did not instruct the jury to reduce their findings by the amount the value of the car was enhanced by the replacement of the old parts with the new, as there was no evidence in the record contradicting the plaintiff's evidence that he was *actually damaged* in the amount of the verdict.

4. We think the exceptions taken to the charge in the 7th ground of the motion for a new trial are well taken. The court charged the jury: "On the other hand, if the defendant has proven his case to the satisfac-

tion of your minds that he is not indebted to the plaintiff in any sum whatsoever, then it will be your duty to bring in a verdict in favor of the defendant." The burden was on the plaintiff to prove his case as laid, and no burden rested on the defendant to disprove the plaintiff's case. We think this charge placed an illegal burden upon the defendant and that it was error for the court so to charge.

5. The charge complained of in the 9th ground of the motion for a new trial is not subject to the specific attack made thereon. Under the statute of South Carolina, which was introduced in evidence, requiring that all automobiles being operated on the highways of that State be operated on the right-hand side of the road, it would be negligence per se to violate the statute, and upon proof of this fact the plaintiff would make out a prima facie case against the person so driving, and he would have to show by satisfactory evidence that under the circumstances he was in the exercise of ordinary care. The charge was inaptly expressed, but would not work a reversal of the judgment.

6. The charge of the court was argumentative and stated unfairly the contentions of the plaintiff to the exclusion of those of the defendant. The trial judge stated with definite particularity every contention of the plaintiff, without stating in connection therewith or elsewhere in his charge any contentions of the defendant, and the charge was liable to leave the impression upon the minds of the jurors that the court was impressed with the strength of the plaintiff's contentions. There were several other confusing and inapt instructions to the jury, and for this and the reasons stated above in paragraphs 4 and 6, the judgment of the lower court is reversed.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED SEPTEMBER 17, 1934.

*Hammond & Kennedy*, for plaintiff in error.

*Henry G. Howard, Henry J. Heffernan, James S. Bussey Jr.*, contra.