29210. SMITH, *alias* CHOICE, *v.* THE STATE.

670

*M. Davis,* for plaintiff in error.

*R. A. Patterson,* solicitor-general, *Hooper, Hooper & Miller,* contra.

MACINTYRE, J. The defendant was convicted of false swearing and excepted to the overruling of his motion for new trial.

In making an application for a marriage license to marry Mary Willie Lee, the defendant, upon being asked by the ordinary had he been married before, answered under oath that he had not. Upon this answer, the defendant was convicted of false swearing, on the theory that at the time he gave this answer he had previously married Louise Grier and that this marriage was undissolved. It appears from the evidence, which includes various marriage certificates and applications issued by and made before the same ordinary as was the present application, that in 1939 the defendant married one Louise Grier, but the defendant had subsequently considered that marriage void and a nullity, it being bigamous for the reason that Louise Grier had a living, undivorced husband at the time of her marriage to the defendant, all of which occurred prior to the time the defendant made the present application for a marriage license to marry Mary Willie Lee.

The essential elements of false swearing under our Code, § 26-4003, consist in (1) "wilfully, knowingly, absolutely, and falsely swearing" under oath or affirmation, (2) upon a matter as to which a party could legally be sworn, and (3) on oath administered by a person legally authorized to administer it. 48 C. J. 824, § 10. Elements (2) and (3) were shown by the evidence, but the intent to testify falsely and the *falsity* of the testimony must both appear. *Thomas* v. *State,* 71 *Ga.* 252. Thus, in this case, if the defendant's answer was not false, he could not be lawfully convicted of false swearing. The defendant was asked the bald question whether he had been previously married. Technically and actually his answer

as to his previous marriage was responsive and correct. He had not been legally married. In this State a bigamous marriage being void, is a nullity, and being a nullity no decree is necessary to avoid it. *Pennaman* v. *Pennaman,* 153 *Ga.* 647 (112 S. E. 829). Code, §§ 53-102, 53-104. It may be treated as an absolute nullity by the parties to such a ceremony and by all the world. *Irving* v. *Irving,* 152 *Ga.* 174, 176 (108 S. E. 510). Here, upon discovering that his marriage to Louise Grier was bigamous because she had a living undivorced husband at the time of her marriage to him, the defendant exercised his right to declare his marriage to her void and a nullity and quit living with her. Therefore, the defendant's answer to the question was legally truthful and he can not be held for false swearing. U. S. *v.* Slutzky, 79 Fed. (2d,) 504, 505; The King *v.* Hayford, 62 Dom. L. R. 90, 92; Commonwealth *v.* Rupple, 1 Pa. Co. Ct. 663; Weiner *v.* Commonwealth, 221 Ky. 455 (298 S. W. 1075). The evidence did not authorize the verdict and the judge erred in overruling the motion for new trial.

Special ground 1 of the motion for new trial is but an elaboration of the general grounds and has been considered. The judge charged the jury in part as follows: "A marriage ceremony accompanied by cohabitation when one party has a living wife or husband is absolutely void. A void marriage is no marriage whatsoever and may be treated as such by either party. That is the contention of the defendant." The defendant in special ground 2 contends that by the use of the phrase "that is the contention of the defendant," the court committed reversible error, because it misled and confused the jury and led them to believe that the court was not charging the law but was only stating to them the contention of the defendant. The defendant requested the language immediately preceding this phrase, and the court added the phrase. Our Code, § 70-207, provides that "A new trial may be granted in all cases when the presiding judge may deliver an erroneous charge to the jury against such applicant on a material point, or refuse to give a pertinent legal charge in the language requested, when the charge so requested shall be submitted in writing." The charge requested was a correct statement of the law. *Irving* v. *Irving,* supra; *Pennaman* v. *Pennaman,* supra; Code, §§ 53-102, 53-104. Where a request is given which states a correct principle of law applicable to the pleadings and the evi-

dence it is necessary, under the Code, § 70-207, supra, that it should explicitly appear to the jury that the judge himself gives the instruction, and that it has the sanction and approval of the court as a correct statement of the legal proposition. We think that the phrase quoted above had the effect of creating an impression upon the jury that the charge was given, not as the court's interpretation of the law, but as representing the contention of the defendant. This we think was improper. *Blandon* v. *State,* 6 *Ga. App.* 782 (3) (65 S. E. 842) ; *Hines* v. *Snell,* 27 *Ga. App.* 92 (107 S. E. 349) ; *Ga. R. Co.* v. *Flowers,* 108 *Ga.* 795 (33 S. E. 874).

In special ground 3 exception is taken to the charge on the defendant's statement to the jury. The charge on the defendant's statement was in effect in the language of our Code, § 38-415; and it has been many times held that this is not only sufficient but that it is the better method to charge the section and there leave the matter. *Collins* v. *State,* 66 *Ga. App.* 325 (18 S. E. 2d, 24).

The evidence did not authorize the verdict and the judge erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*