### 34515. JOHNSON v. ROBERSON.

Decided July 14, 1953.

*Titus, Altman & Johnson*, for plaintiff in error.

*Andrews & Andrews, Alexander, Vann & Lilly*, contra.

Worrill, J. ■ The first and second special grounds of the motion for new trial complain of the failure of the trial judge to charge without request that before the plaintiff could recover

she must prove by a preponderance of the evidence at least one of the acts of negligence alleged in her petition.

The plaintiff alleged that the defendant's driver was negligent in two respects. These allegations were denied by the defendant. The judge charged that "The burden of proof rests upon the plaintiff to satisfy the jury of the truth of his [her] case by a preponderance of the evidence"; and that "The burden of proof generally lies upon the party asserting or affirming a fact and to the existence of whose case or defense the proof of such fact is essential." While we recognize the rule that it is the duty of the judge to charge the jury fully without request on every substantial controlling and vital issue in the case (*Allmond* v. *Mount Vernon Bank*, 53 *Ga. App.* 565, 186 S. E. 581; *Scott Co.* v. *Crain*, 55 *Ga. App.* 514, 190 S. E. 629), and that in a negligence action the plaintiff's right of recovery is confined to proof of the acts of negligence alleged in the petition (*Jackson* v. *Ely*, 56 *Ga. App.* 763 (2), 194 S. E. 40), nevertheless the rule that the plaintiff must prove by a preponderance of the evidence that the defendant was guilty of some one or more of the acts of negligence charged in the petition is but a specific application of the general rule that the burden is on the party asserting a fact to prove its existence to the jury's satisfaction by a preponderance of the evidence; and where, as here, the court fully instructed the jury as to the general proposition, and elsewhere fully and adequately defined for the jury the term "preponderance of the evidence," and while it perhaps would have been better for the judge to have instructed the jury specifically that the plaintiff must prove that the defendant's driver was negligent in one or more of the ways alleged before she would have been entitled to recover of the defendant, we cannot say as a matter of law that, in the absence of a timely written request therefor, it was error for the judge to fail to instruct the jury as complained of in special grounds 1 and 2.

■ Special grounds 3 and 16 of the amended motion for new trial complain of a portion of the charge which, in submitting to the jury the question as to the value of the life of the deceased, permitted them to consider the age of the deceased, his health, the money he was making, his probable loss of employment, his voluntarily abstaining from work, dullness in business, reduction in wages, increasing infirmities of age, etc.

This charge was not erroneous because not authorized by the evidence, as contended by the plaintiff in error. It is conceded that the charge was abstractly correct. The testimony of the plaintiff as to the age of her husband at the time he was killed, to the effect that he told her he was 32, was not without probative value because it was merely hearsay. The general rule seems to be that evidence as to age, relationship, pedigree, etc., may be shown by general repute in the family or by statements of relatives by blood or marriage since deceased, made ante lite motam. Code § 38-303; *Hines* v. *Donaldson,* 193 *Ga.* 783, 795 (20 S. E. 2d 134), distinguishing and explaining *Garner* v. *Wood,* 188 *Ga.* 463, 465 (4) (4 S. E. 2d 137), relied on by the plaintiff in error. See also *McCollum* v. *State,* 119 *Ga.* 308 (1) (46 S. E. 413). We cannot say that the evidence of the age of the plaintiff's husband was not of probative value or such as would not authorize the charge in question, or that there was not sufficient evidence to authorize the jury to find the value of the plaintiff's husband's life at the time he was killed. There is more evidence upon which the jury could make such a finding in this case than there was in *Savannah, Florida &c. Ry. Co.* v. *Stewart,* 71 *Ga.* 427, 437, which is relied on by the plaintiff in error, and it is therefore distinguishable from this case. The other elements of the charge related to matters of common knowledge which the jury are presumed to be as cognizant of as anyone, and of which the court properly reminded the jury in instructing them on the method of assessing the damages or of finding the value of the life of the plaintiff's husband. The court did not err in overruling special grounds 3 and 16 of the motion for new trial.

■ Special ground 4 complains of a portion of the charge as being erroneous in the use of the word "without," where the word "with" should have been used. While the trial judge approved the statements of fact in the amended motion as being true and correct, it appears that, in the approved charge which is made a part of the record in this case, the charge as given by the judge shows that he used the word "with." Where there is a conflict between the recitals of fact in the motion for new trial, and in the record, the record controls (*James* v. *Hudson,* 170 *Ga.* 321 (1), 152 S. E. 829); and since the record shows that no error was

552

committed in the charge as complained of in this ground of the motion, the ground will not be considered.

■ Special grounds 5 and 6 of the motion for new trial complain of a portion of the charge as being an incorrect statement of the law, as being misleading and confusing to the jury, and as authorizing them to find for the plaintiff if they believed that the plaintiff was made to suffer as a result of the collision. The portion of the charge thus excepted to was as follows: "Unless you are satisfied that the plaintiff's husband was made to suffer by reason of the collision in question and satisfied by her proving to your satisfaction by [a] preponderance of the evidence, you should find in favor of the defendant. If you are satisfied that the plaintiff was made to suffer by reason of the collision upon this occasion, you would then address yourself to what would be fair compensation for the plaintiff for whatever she may have suffered as a direct consequence of the collision under investigation."

This charge was erroneous and subject to the objections interposed in these grounds of the motion. This was an action for the homicide of the plaintiff's husband. The only damages which were legally recoverable were damages for the full value of the life of the deceased. There was no element of pain and suffering involved, and the jury were not authorized to find damages merely because the plaintiff or her husband might have "suffered" as a result of the collision. There was no question in the case that the plaintiff's husband was killed or died as a result of the collision, and that the plaintiff was made to suffer, in the usual sense of the word, as a result thereof, but such suffering was no element of her damages and certainly was not the correct basis upon which the jury were authorized to award damages. The sole questions under the pleadings and the evidence were whether the negligence of the defendant's driver caused the collision, and whether, at the time of the collision—whether caused by the negligence of the driver or not—the driver was acting within the scope of his employment. This charge was calculated to confuse the jury and probably did confuse them to the harm of the defendant; and though the court perhaps gave a correct charge on the measure of damages elsewhere, the judge did not expressly call the jury's attention to this erroneous instruction in conflict therewith, and in doing so withdraw the

same, and for these reasons the trial judge erred in overruling this ground of the motion for new trial. *Atlantic Coast Line R. Co.* v. *Canty,* 12 *Ga. App.* 411 (2) (77 S. E. 659) ; *Tallulah Falls Ry. Co.* v. *Davis,* 26 *Ga. App.* 215 (2) (105 S. E. 712) ; *Georgia Ry. & Power Co.* v. *Britt,* 31 *Ga. App.* 54 (119 S. E. 460).

■ There was evidence from which the jury would have been authorized to infer that the injuries which resulted in the death of the plaintiff's husband occurred while the parties riding in the defendant's taxicab were on a frolic or party. There was ample evidence to have authorized the jury to find that the odor of alcohol was detected, and evidence of intoxication on the part of the occupants of the taxicab just after the collision, and though there was no direct evidence that the plaintiff's husband had been drinking, the evidence was sufficient to have authorized the jury to infer that he had been drinking too. In view of this evidence, a charge on the subject of contributory negligence and the duty of the deceased to have exercised ordinary care to avoid the consequences of the defendant's driver's negligence, once such negligence became known to him, and further instructing the jury that voluntary intoxication would not relieve the plaintiff's husband of that duty of exercising such care, was authorized. *Southern Ry. Co.* v. *Gore,* 128 *Ga.* 627 (1) (58 S. E. 180) ; *Seaboard Air-Line Ry.* v. *Bostock,* 1 *Ga. App.* 189 (2) (58 S. E. 136).

The plaintiff in error submitted the following written request to charge: "I charge you, gentlemen of the jury, that a passenger in a taxicab is bound to use ordinary care to avoid the consequences of the negligence of the defendant's driver, if any, after the negligence of the defendant's driver had become known to the passenger, or, in the exercise of ordinary care, should have become known to him. In other words, if the deceased, by ordinary care, could have avoided the consequences to himself caused by the driver's negligence, if any, the plaintiff in this case would not be entitled to recover. I charge you, further, that voluntary intoxication on the part of the deceased, if you should find that the same existed, would not relieve the deceased from exercising such care. If you should find from the evidence that the deceased, Jim Roberson, voluntarily became so intoxicated as to be unable, for that reason, to exercise ordinary care, and

did so fail, and by the use thereof he could have avoided the consequences to himself of the negligence of the driver, then you would be authorized to find a verdict in favor of the defendant, Moses Johnson."

.While the trial judge charged on contributory negligence and the duty of the deceased to exercise ordinary care to avoid the negligence of the defendant once such negligence had become apparent to him, the charge as given was not as specifically adjusted to the facts at issue in this case as was the charge requested. "Where a request to charge deals in a direct way with a material issue of the case, and a timely written request is made, the party has a right to the benefit of the charge as requested, and the refusal of such request is error." *Alexander* v. *Holmes*, 85 *Ga. App.* 124, 128 (5) (68 S. E. 2d 242), and citations. The trial court erred in refusing to charge as requested, and in overruling special ground 7 of the motion for new trial, complaining of such refusal.

The trial court likewise erred in refusing to charge a timely written request that, "if you should find that the deceased, Jim Roberson, for any reason could not have recovered against this defendant, then the plaintiff likewise could not recover." This charge was legal and pertinent and related to a necessary and vital issue in the case and stated a proposition which the jury should have considered in arriving at a verdict. The trial court nowhere stated this proposition to the jury, and it was error to refuse a timely written request for the same. We cannot say as a matter of law that there was no evidence which would have authorized a verdict for the defendant and that for this reason the failure of the judge to charge the jury the proposition embodied in this request was harmless error. The verdict for the plaintiff was not demanded.

■ In charging a request of the defendant, the trial court prefaced the instruction with the words, "The defendant also claims." It is well-established that, " 'Where a legal and pertinent request for a charge has been properly made, it is the duty of the judge to give it in such manner that the jury will distinctly understand that it has the sanction and approval of the court as a correct statement of the legal proposition [citations] ; and .it would be improper for the judge to weaken the

effect of such a requested instruction by any act or words that might create an impression upon their minds that the charge is given, not as his own interpretation of the law, but as representing the view or contention of counsel. . .' *Hines* v. *Snell*, 27 *Ga. App.* 92 (107 S. E. 349)." *Smith* v. *State*, 66 *Ga. App.* 669 (3) (19 S. E. 2d 168). Under the ruling of this court in that case it was error for the trial judge to so preface his instructions, and this error requires a reversal of the judgment overruling special ground 9 of the motion for a new trial, complaining of this language. We cannot say that such language amounted merely to a slip of the tongue or was not such harmful error as not to require a reversal on account thereof.

■ Special ground 10 complains of the exclusion from evidence of statements made by the passengers in the taxicab of the defendant to the witness that they were going home to Thomasville when they left the witness's house. It is contended that this evidence was admissible for the purpose of impeaching the plaintiff, who had testified that they had formed the intention, prior to leaving the witness's house, of going to Quitman. Assuming that this evidence was admissible for the purpose submitted, this ground of the motion does not affirmatively show that a proper foundation was laid as required by Code § 38-1803, and for this reason special ground 10 of the motion for new trial is without merit.

■ Special ground 11 complains of the following portion of the charge as being an incorrect statement of the law respecting contributory negligence, and as confusing and intermingling the principles of contributory negligence and the doctrine of proximate cause: "Contributory negligence is the want of ordinary care upon the part of the person injured by the act of negligence of another, combining and concurring with that negligence and contributing to the injury as the proximate cause thereof, without which the injury would not have occurred. If a person is negligent and his negligence results in injury to another person, yet if that other person is also negligent at the same time and his negligence concurs with the negligence of the person whose negligence causes the injury, and concurring with it, contributes to the injury, so that it becomes a proximate and immediate or direct cause, so that he would not have been injured if he had

not been negligent, although the other party may also have been negligent, under these circumstances the law would not allow him to recover damages for his injuries from the other party. Failure to exercise ordinary care on the part of the plaintiff after the negligence about which he complains is apparent, or ought to have been apprehended by him, will preclude the recovery for any amount. If you find there was no negligence properly attributable to the defendant, then this rule would not apply."

Ground 12 complains of the failure of the court to charge the principle that, "If you gentlemen of the jury should find that the degree of negligence, if any, of Jim Roberson, the deceased, contributed to his injury and was equal to or greater than the degree of negligence, if any, of the defendant's alleged servant, the plaintiff would not be entitled to recover. But if the jury should find that the negligence of the deceased, if any, was less in degree than that of the defendant's alleged servant, the plaintiff would be entitled to recover but not in the full amount of her damages; in that event the jury would diminish the damages in proportion to the degree of negligence attributable to the negligence of the deceased."

The trial court nowhere charged this latter proposition, and this was error requiring the grant of a new trial. *Mitchell* v. *Mullen*, 45 *Ga. App.* 282 (8), 284 (164 S. E. 276) ; *Shackleford* v. *Ridley*, 71 *Ga. App.* 568 (1) (31 S. E. 2d 429). Furthermore, the portion of the charge quoted was confusing and obscure and did not furnish to the jury a clear guide on apportionment of damages because of contributory negligence on the part of the plaintiff's husband. If the plaintiff's husband, by the exercise of ordinary care, could have avoided the consequences to himself caused by the negligence of the defendant's driver after such negligence became apparent to him or should have been apparent to him in the exercise of ordinary care, if the defendant's driver was negligent, the plaintiff would not be entitled to recover. However, if the plaintiff's husband could not have avoided the injury to himself caused by the defendant's driver's negligence by the exercise of ordinary care on his part, then, notwithstanding that her husband may have been in some way negligent, if his negligence was less than the negligence of the defendant's driver, the plaintiff would be entitled to recover, but the amount

of the verdict in her favor should be diminished in proportion to the amount of fault attributable to her husband; but if her husband's negligence was greater than the negligence of the defendant's driver, the plaintiff would not be entitled to recover. The substance of the latter statement of the law was approved in *Rogers* v. *McKinley*, 48 *Ga. App.* 262, 265 (172 S. E. 662). The trial court erred in overruling grounds 11 and 12 of the motion for new trial.

Special grounds 13, 14, and 15 assign error on portions of the charge, wherein the trial judge referred to the "failure of the plaintiff to use ordinary care" and to the "negligence of the defendant", when he should have referred to the plaintiff's husband and to the defendant's driver respectively. The language excepted to in these grounds—conceding, but not deciding, that it was erroneous and harmful to the defendant—was manifestly an inadvertence or slip of the tongue, and as such is not likely to recur on another trial. Inasmuch as the evidence on another trial may not be the same, no ruling is made on the general grounds of the motion.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*