## 39721. LAW v. McINTYRE.

RUSSELL, Judge. 1. "Where the pleadings and the evidence raise the issue of whether or not the plaintiff by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, it is the duty of the trial judge to give in charge to the jury the law on this subject, without a request therefor." *Wells v. Steinek*, 49 Ga. App. 482 (1) (176 SE 42) and citations. "Where contributory negligence was in issue, and the court charged the jury as to recovery of diminished damages . . . it is error not to qualify such doctrine by charging the jury that, as provided in *Code* § 105-603, the plaintiff can not recover if the plaintiff could, by the exercise of ordinary care, have avoided the consequences to herself caused by the defendant's negligence." *Berry v. Jowers*, 59 Ga. App. 24 (2) (200 SE 195). The court here, while charging fully on diminished damages under the comparative negligence doctrine, failed to charge any part of *Code* § 105-603 relating to the duty to exercise ordinary care on the part of the plaintiff. The plaintiff's evidence was that, after signaling a left turn, he commenced the turn at an intersection when the defendant, coming up behind him in her automobile, ran it against the left side of the vehicle he was operating. The defendant's evidence, supporting her cross-action, was to the effect that the plaintiff did not signal a left turn and as she started to pass his vehicle he cut it sharply into the right side of her automobile. The plaintiff alleged that the damage resulting from the collision was due solely to the defendant's negligence, while the defendant alleged both that the plaintiff's negligence proximately caused the collision and that the plaintiff was not entitled to recover because of his failure to exercise ordinary care in the premises. Under these facts it was a jury question as to whether either or both parties were negligent, and, if the latter, whether the plaintiff in the exercise of due care might have avoided the negligence of the defendant.

The jury here might have believed from the defendant's evidence that the plaintiff was negligent in commencing a left turn at the intersection without signaling his intention to do so. In this view of the evidence, it would have been incumbent upon the plaintiff to anticipate that others, like himself, might disobey traffic laws and regulations, and to exercise

ordinary care to avoid the consequences of their negligence as well as his own. *Williams v. Grier,* 196 Ga. 327, 338 (26 SE2d 698). Special grounds 4 and 6 of the defendant's amended motion for a new trial, contending that the court erred in failing without request to charge the provisions of *Code* § 105-603, are meritorious and require the grant of a new trial.

2. The trial court also erred as contended in special ground 7 in charging the provisions of a city ordinance relating to the distance to be observed between motor vehicles operating in convoy, such ordinance not having been pleaded or proved and being irrelevant to any issue in the case.

3. The remaining assignments of error are either without merit or are not likely to recur upon another trial.

The trial court erred in overruling the motion for a new trial. *Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*

DECIDED OCTOBER 4, 1962.

*Emory Kinard,* for plaintiff in error.
*G. Eugene Ivey,* contra.