## 40647. RIDER v. JARRARD et al.

PANNELL, Judge. 1. While contributory negligence is an affirmative defense and generally must be pleaded, *Watts v. Colonial Stages Co.,* 45 Ga. App. 115, 119 (2) (163 SE 523), *Woolworth Co. v. Wood,* 32 Ga. App. 575 (2) (124 SE 110), *Fuller v. Louis Steyerman & Sons, Inc.,* 46 Ga. App. 830 (2) (169 SE 508); yet, where a plaintiff alleges she is without fault and attributes her injuries solely to the defendant's negligence and the answer denies this allegation, this raises the issue as to whether plaintiff was guilty of lack of such ordinary care for her own safety as would bar her recovery. *Davies v. West Lumber Co.,* 32 Ga. App. 460, 462 (2b) (123 SE 757); *Wells v. Steinek,* 49 Ga. App. 482 (1), 483 (176 SE 42). The issue may also be raised by the evidence, where admitted without objection, even though not authorized by the pleadings. *Kelly v. Locke,* 186 Ga. 620, 630 (198 SE 754). It follows,

therefore, that where in a negligence action by a guest against the host driver and a third party arising out of injuries resulting from a collision between automobiles driven by the host and the third party, the petition affirmatively alleged that plaintiff "was without fault but that the proximate cause of her injuries was the defendant's negligence," which allegation was expressly denied by the answer, and the evidence authorized a finding that plaintiff "several hours before the collision knew the host driver was drinking, that the collision occurred because the host driver was driving from one side of the road to another at night without lights," that immediately after the collision the host driver "wobbled around" and smelled strongly of whiskey, and so did plaintiff, it was not error for the trial judge to charge the jury relative to the question of whether the plaintiff was guilty of such lack of ordinary care for her own safety as would bar her recovery. The charges complained of were not erroneous.

2. Nor were said charges erroneous and not sound as abstract principles of law.

3. The trial judge did not err in overruling plaintiff's motion for a new trial.

*Judgment affirmed. Felton, C. J., and Frankum, J., concur.*

DECIDED APRIL 29, 1964.

*John N. Crudup,* for plaintiff in error.
*Kenyon, Kenyon & Gunter, E. D. Kenyon,* contra.