WEEMS *et al. v.* GLENN.

No. 15152. MAY 9, 1945. REHEARING DENIED JUNE 7, 1945.

*Rosser & Rosser* and *James Maddox,* for plaintiffs.

*John D. Taylor, Jesse Sellers,* and *Wright & Fullbright,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) The Code, § 89-101, provides in part: "The following persons are held and deemed ineligible to hold any civil office, and the existence of any of the following states of facts shall be a sufficient reason for vacating any office held by such person, . . All holders or receivers of public money of this State, or any county thereof, who have refused when called upon, or failed after reasonable opportunity, to account for and pay over the same to the proper officer."

A summary of the allegations of the petition shows that the present sheriff previously, as tax collector, had failed and refused to pay over tax money to the county, and that an execution therefor had issued against him and his bondsmen, which was subsequently paid by certain of his bondsmen. The plaintiffs in error insist that, inasmuch as the defendant in error did not himself account for and pay over the money, payment of the execution by his bondsmen did not relieve him as a holder of public money unaccounted for, and that under the terms of the foregoing statute ipso jure he is ineligible to hold the present office of sheriff. On the other hand, the defendant in error takes the position that, his bondsmen having paid over to the county the entire amount due from the collection of taxes, an accounting in full with the county was thereby consummated, and this ipso facto precluded him from being a holder of public money unaccounted for. .

To construe the statute in accordance with the position of the plaintiffs in error, and hold that the mere fact of payment by the bondsmen under the facts above set forth necessarily made the defendant in error a holder of public money, would entirely elimi-

nate any consideration of facts and circumstances that might illustrate his inability to settle with the county for taxes collected. Such an interpretation would make a tax collector ineligible to hold public office if his inability to settle with the county was due to conditions beyond his control and in which he had exercised good faith, such as burglary of his office, robbery while properly in possession of the funds, or, prior to the act of 1933 (Ga. L. 1933, p. 78; Code, § 89-816), the failure of the bank in which such funds were deposited.

To accept the construction of the statute in accordance with the view of the defendant in error would require a ruling that, the county having received from the bondsmen the funds due it, this was an accounting by the tax collector, and that therefore he could under no circumstances be the holder of public money. To so construe the statute would be an interpretation giving it effect only as a provision to collect public money, and would assume that the legislature had no intent for it to have any bearing upon or relation to the officer's moral character as illustrating his fitness to hold public office. Under this view, the officer could not be the holder of public money if his bondsmen made the defalcation good, even though he willfully and illegally held and possessed the identical specie collected as the property of the county.

The question here presented has not previously been decided by this court, and there is very little authority to aid in construing the portion of the Code section now under consideration. In *State v. Frazier*, 48 *Ga.* 137, which was a proceeding wherein a tax collector had been removed by the Governor for failure to pay to the Comptroller General taxes collected for the State, the decision, after referring to certain provisions of the constitution then in effect, and also quoting the Code section now under review, says: "When the Comptroller General so pronounces and issues an execution against a tax collector, . . he is in default, and is presumed to be a holder of public money unaccounted for." An examination of the record in that case discloses that the pleadings do not show that the money due from the collection of taxes had been paid to the Comptroller General prior to the order of the Governor removing the tax collector. In that case, the money not having been paid to the Comptroller General at the time the office was vacated by the order of the Governor, the tax collector was "in default, and

. . presumed to be a holder of public money unaccounted for." But, in the instant case, the county authorities were paid and had received the money prior to the institution of any proceeding to declare the former tax collector ineligible to hold the office of sheriff, and accordingly there would be no presumption that he was the holder of public money. "Eligibility to hold office is the general rule. Ineligibility is the exception. The right to hold office is a political privilege. . . A statute pleaded as a barrier to eligibility will be strictly construed and strictly applied, and the petition, with respect to a demurrer, will be construed most strongly against the pleader. These are well-established and proper rules." *Morgan* v. *Crow*, 183 *Ga*. 147 (187 S. E. 840), and cit. "Words limiting the right of a person to hold office are to be given a liberal construction in favor of those seeking to hold office, in order that the public may have the benefit of choice from all those who are in fact and in law qualified." *Gazan* v. *Heery*, 183 *Ga*. 30, 42 (187 S. E. 371, 106 A. L. R. 498). See also 42 Am. Jur. 907, § 37; 46 C. J. 936, § 32.

Applying the foregoing rule to the instant quo warranto proceeding, we do not construe the Code, § 89-101 (2), to mean that a person is ineligible to hold the office of sheriff as being the holder of public money unaccounted for, merely because as tax collector he failed and refused to pay over to the county taxes collected, was cited by the county commissioners for a settlement, and upon failure to settle, an execution was issued against him and his bondsmen, which was subsequently paid by the bondsmen, since there are circumstances under which a tax collector could act in the best of faith in the performance of his trust, and still be unable personally to account for taxes collected. Accordingly, the judge did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*