## 68562. HOLLAND v. THE STATE.
### (323 SE2d 632)

CARLEY, Judge.

Appellant was indicted, tried before a jury, and convicted of false swearing in connection with a license tag application. Appellant's motion for new trial was denied, and he appeals.

1. In related enumerations of error, appellant raises what is, in essence, a fatal variance argument. The indictment returned against appellant contained language appropriate to an allegation of his commission of the crime of false swearing as defined in OCGA § 16-10-71. Appellant contends that the State did not prove that allegation of the indictment that he had "executed a document knowing that it purported to be an acknowledgment of a lawful oath . . ."

Until 1968, the general definition of the crime of false swearing was such as to require proof of the actual administration of a lawful oath. See *Booth v. State*, 43 Ga. App. 279 (158 SE 612) (1931). However, false swearing was redefined by Ga. L. 1968, pp. 1249, 1310, wherein the relevant language under consideration was added: "A person . . . who executes a document knowing that it purports to be an acknowledgment of a lawful oath or affirmation commits the offense of false swearing . . ." OCGA § 16-10-71 (a). Contrary to appellant's interpretation of this statutory language, it appears that the legislative intent of the 1968 enactment was to broaden the general definition of false swearing so as to criminalize the making of certain false statements, regardless of whether an oath had actually been administered by an official. Under this broader definition, one who executed a document with knowledge that his mere execution would "purport" to be or would evince his "acknowledgment" that the statements contained therein were being made under lawful oath or affirmation could be held accountable for false swearing.

This interpretation of the relevant language of existing OCGA § 16-10-71 (a) is the necessary result of giving consideration to the definition of false swearing contained in a pari materia statute, to wit, OCGA § 40-2-3: "Any person who shall make any false statement in any application for the registration of any vehicle, or in transferring any certificate of registration, or in applying for a new certificate of registration shall be guilty of false swearing, *whether or not an oath*

*is actually administered to him, if such statement shall purport to be under oath.*" (Emphasis supplied.) When the two statutes are construed together, it is clear that the 1968 statute was an expression of the legislative intent to redefine false swearing as broadly in the general criminal context as false swearing had already been defined since 1953 in the specific context of vehicle registration. See Ga. L. 1953, Jan.-Feb. Session, pp. 366, 369.

Although appellant was not actually sworn, he signed a tag application which contained the following statement under the signature line: "*I do solemnly swear* under criminal penalty of a felony for fraudulent use of a false or fictitious name or address or for making a material false statement on a title application . . . that the statements contained herein are true and accurate." (Emphasis supplied.) This statement on the application "purports to be an acknowledgment of a lawful oath or affirmation." When appellant executed the document containing this statement, it became his "acknowledgment" that the information he had provided on the application was being made under oath, regardless of the fact that no oath had actually been administered to him. There was no fatal variance between the allegations of the indictment and the proof adduced at trial.

2. The trial court's jury charge contained the general definition of a "crime" as "a violation of a statute of this state in which there shall be a union of joint operation of act, or omission to act and intention or *criminal negligence.*" (Emphasis supplied.) Appellant asserts that the charge was erroneously given because false swearing is a crime of specific intent and the indictment alleged that he had "knowingly and willfully" made a false statement on the application.

Other than this general definition of a "crime," the trial court's instructions made no further mention whatsoever of "criminal negligence." With specific reference to the crime for which appellant was being tried, the trial court did charge that the indictment contained "the contentions of the [S]tate" and that "the burden is upon the [S]tate of proving [appellant's] guilt, as charged, beyond a reasonable doubt." Thus, the jury was charged, in effect, that the State had the burden of proving that appellant had "knowing and willfully" made a false statement, as alleged in the indictment. The trial court also charged that "[a] person will not be presumed to act with criminal *intention . . .*" (Emphasis supplied.) Appellant made no specific requests to charge regarding the issue of intent. *Bass v. State,* 237 Ga. 710 (2) (229 SE2d 448) (1976).

Under these circumstances, we find no error in the trial court's mere inclusion of the entirety of the general definition of "crime" in the charge to the jury. See *Johnson v. State,* 156 Ga. App. 411, 412 (274 SE2d 778) (1980). " 'It is not usually cause for new trial that an entire Code section is given. [Cit.] This is so even though a part of the

charge may be inapplicable under the facts in evidence. [Cit.]' [Cits.]" *Brown v. State*, 159 Ga. App. 901, 902-903 (285 SE2d 552) (1981). "The words 'criminal negligence' are an integral part of the definition of a crime, and were properly included in the charge on [OCGA § 16-2-1]." *Smith v. State*, 238 Ga. 146, 148 (2) (231 SE2d 757) (1977).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 25, 1984 —
REHEARING DENIED OCTOBER 23, 1984.

*Daniel MacDougald III*, for appellant.
*Hobart M. Hind, District Attorney*, for appellee.