## A93A1291. THE STATE v. KINDBERG.
(438 SE2d 116)

POPE, Chief Judge.
Defendant/appellee Michael Kindberg was indicted for "making

false statements in notice of candidacy" pursuant to OCGA § 21-2-565. The indictment alleged that Kindberg "in connection with qualifying as a candidate for the Republican Party to run for the office of State Senator for the 56th District of Georgia, . . . knowingly and willfully made a false statement about his being a resident for one year in the district and his eligibility to hold such office." Kindberg moved to dismiss the indictment on the basis that OCGA § 21-2-565 does not create an independent offense "but rather designates the conduct therein described as False Swearing" and that the indictment failed to allege the essential elements of the crime of false swearing. The trial court granted defendant's motion, and the State appeals.

The State essentially argues the trial court erred in dismissing the indictment because OCGA § 21-2-565 makes it a crime to make a false statement in connection with filing a notice of candidacy or qualifying as a candidate and the indictment sets out the specific false statement allegedly made. Kindberg, however, argues that since OCGA § 21-2-565 simply defines the offense of false swearing in the context of candidacy for election, the indictment was defective because it did not allege that he filed an affidavit containing statements to which he knowingly swore falsely.

OCGA § 21-2-565 provides: "Any person knowingly making any false statement in connection with filing a notice of candidacy under Code Section 21-2-132 or in connection with qualifying as a candidate for party nomination under Code Section 21-2-153 commits the offense of false swearing." Section 21-2-153 (e), which governs the procedure for qualifying as a candidate for party nomination, requires each candidate to file an affidavit with the political party at the time of qualifying stating, inter alia, the candidate's residence and eligibility to hold office.

" '(I)t is an elementary rule of criminal procedure that an indictment should contain a complete description of the offense charged, and that there can be no conviction unless every essential element thereof is both alleged in the indictment and proved by the evidence.' " (Citations omitted.) *State v. Howell*, 194 Ga. App. 594, 595 (391 SE2d 415) (1990). As shown above, OCGA § 21-2-565 contemplates that one who makes a false statement in connection with filing a notice of candidacy or in qualifying as a candidate for party nomination commits the offense of false swearing. A person commits the offense of false swearing generally when he, having either taken a lawful oath or affirmation or executed a document knowing that it purports to be an acknowledgment of a lawful oath or affirmation, knowingly and wilfully makes a false statement. OCGA § 16-10-71; see also *Holland v. State*, 172 Ga. App. 444, 445 (1) (323 SE2d 632) (1984).

While the indictment did not expressly allege Kindberg had filed an affidavit at the time of his qualifying which stated his residence

and eligibility to hold office, it did expressly allege that Kindberg knowingly and wilfully made a false statement about his being a resident for one year in the district and his eligibility to hold office *in connection with qualifying* as a candidate for the Republican Party to run for the office of State Senator. Since one cannot qualify as a candidate for party nomination other than by filing an affidavit which states, inter alia, one's residence and eligibility to hold office, the indictment in effect incorporated the affidavit requirement of § 21-2-153 (e). See *State v. Howell*, supra at 595. Contrary to Kindberg's assertion, he could not admit the allegation that he knowingly and wilfully made a false statement in connection with qualifying as a candidate and not be guilty of the offense of false swearing in connection with candidacy for election. See *State v. Eubanks*, 239 Ga. 483, 485 (238 SE2d 38) (1977).

" 'An indictment substantially in the language of the Code is sufficient in form and substance.' " (Citation omitted.) *Wages v. State*, 165 Ga. App. 587, 588 (2) (302 SE2d 112) (1983). Although the indictment does not track exactly the language of the statute inasmuch as it omits the specific reference to § 21-2-153 (e), the indictment is basically couched in the language of the statute. Although the indictment may not serve as a model of Code pleading, considering the factual allegations and the incorporation by reference to the affidavit requirement, it is clear that Kindberg was sufficiently apprised of the elements of the offense with which he was charged. The fact that the indictment described the offense as making a false statement in connection with notice of candidacy rather than the offense of false swearing in connection with candidacy for election is immaterial; the description and not the name given the criminal act characterizes the offense. See *Eubanks*, supra at 484. Accordingly, the trial court erred in dismissing the indictment.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 28, 1993 —
RECONSIDERATION DENIED NOVEMBER 23, 1993 —

*Lewis R. Slaton, District Attorney, Penny A. Penn, Carl P. Greenberg, Assistant District Attorneys*, for appellant.

*Guy E. Davis, Jr.*, for appellee.