S98A0163. SIMPSON et al. v. COLONIAL PIPELINE COMPANY.
(499 SE2d 634)

SEARS, Justice.

The appellants, Harold and Rae Simpson, appeal from the trial court's judgment that the appellee, Colonial Pipeline ("Colonial"), owns prescriptive title to an easement that crosses the Simpsons' property. We conclude that the evidence supports the trial court's ruling, and affirm the judgment.

Since 1962, Colonial has operated an underground petroleum pipeline within a 75-foot-wide right of way which crosses a small portion of an 8.65-acre tract of wooded property now owned by the appellants, Harold and Rae Simpson. When Colonial acquired and established the right of way, its surveyors concluded, erroneously, that the right of way would not fall on the property now owned by the Simpsons, but would fall entirely on land then owned by C. H. Humphries, just north of the Simpsons' property. Colonial negotiated and purchased an easement for the right of way from Mr. Humphries in 1962. At that time, the Simpsons' property was owned by Joseph Shafer. The Simpsons did not obtain any ownership or contractual interest in the property until November 15, 1972.

It was not until 1996 that the parties discovered that Colonial's pipeline crossed the Simpsons' property. Colonial subsequently filed this declaratory judgment action, seeking a determination that it had prescriptive title to the right of way where it crosses the Simpsons' property. The Simpsons filed a counterclaim, contending that Colonial had damaged their property without first paying just and adequate compensation.

After a hearing, the trial court entered an order, ruling, among other things, that the Simpsons' claim for damages was barred by the applicable statute of limitation, OCGA § 9-3-30, and that Colonial owns prescriptive title to the right of way, and is entitled to continue to operate and maintain its pipeline system within the easement.

1. Contrary to the Simpsons' contention, the trial court properly ruled that the Simpsons' claim for just and adequate compensation is barred by the applicable four-year statute of limitation.[1]

2. The Simpsons also contend that the trial court erred in ruling that Colonial had acquired prescriptive title to the right of way. We disagree. The record supports the trial court's findings of fact that Colonial has at all relevant times inspected, cleared, and marked its right of way, and that in 1978 Colonial used heavy equipment to install a second pipeline in the right of way that was 40 inches in diameter. We conclude that the trial court properly concluded that Colonial has acquired title by adverse possession.[2]

3. The Simpsons also contend that the trial court erred in permitting the attorney for Colonial who handled its right of way acquisitions and maintained its corporate records regarding rights of way to testify as to the width of Colonial's right of way in Gwinnett County. The Simpsons appear to contend that this information was irrelevant, and further contend that Colonial's attorney's testimony

---

[1] OCGA § 9-3-30; *Robinson v. Dept. of Transp.*, 195 Ga. App. 594 (394 SE2d 590) (1990); *Mullins v. Wheatley Grading Contractors*, 184 Ga. App. 119, 120 (1) (361 SE2d 10) (1987).

[2] OCGA § 44-5-161; *Chancey v. Ga. Power Co.*, 238 Ga. 397, 398 (233 SE2d 365) (1977).

was "conjectural, hearsay, and . . . had no probative value." The record, however, shows that the information was relevant background information, and that the attorney could testify as to that information both from his personal knowledge and from corporate business records.[3] We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 18, 1998 —
RECONSIDERATION DENIED JUNE 5, 1998.

*Dillard & Galloway, George P. Dillard, G. Douglas Dillard,* for appellants.

*Smith, Gambrell & Russell, Edward K. Smith,* for appellee.