S02A1205. HARDIN v. BROOKINS.
(569 SE2d 511)

CARLEY, Justice.

In 1982, Anthony Brookins pled nolo contendere in Florida to a charge of possession of diazepam, which is a controlled substance. Subsequently, he moved to Georgia and, in 1998, was elected to the Seminole County Board of Education. Bobby Hardin is a citizen and taxpayer of that county and, in that capacity, he filed a quo warranto action challenging Brookins' eligibility to hold office. Hardin relied on OCGA § 45-2-1 (3), which provides that a person is ineligible to hold public office if she or he has been

finally convicted and sentenced for any felony involving moral turpitude under the laws of this or any other state when the offense is also a felony in this state, unless restored to all his rights of citizenship by a pardon from the State Board of Pardons and Paroles. . . .

The trial court denied the writ, basing its ruling on OCGA § 17-7-95 (c), which provides, in relevant part, that a nolo plea

> shall not be deemed a plea of guilty for the purpose of effecting any civil disqualification of the defendant to hold public office, to vote, to serve upon any jury, or any other civil disqualification imposed upon a person convicted of any offense under the laws of this state.

Hardin appeals, contending that Brookins was convicted of a disqualifying felony under the laws of Florida and that OCGA § 17-7-95 (c) does not apply.

As a Georgia citizen, Brookins has the right to hold public office "unless disqualified by the Constitution and laws of this state . . . ." OCGA § 1-2-6 (a) (5). Thus, his eligibility must be determined under the constitutional and statutory laws of Georgia, rather than of the state where he entered his nolo plea. The right of a citizen of this state " 'to hold office is the general rule, ineligibility the exception; and therefore a citizen may not be deprived of this right without proof of some disqualification specifically declared by law.' " *McLendon v. Evertt*, 205 Ga. 713, 716 (1) (55 SE2d 119) (1949). "The General Assembly may, within constitutional limitations, establish qualifications for public office. . . ." *Rogers v. Medical Assn. of Ga.*, 244 Ga. 151, 153 (2) (259 SE2d 85) (1979). Statutes " 'limiting the right of a person to hold office are to be given a liberal construction in favor of those seeking to hold office, in order that the public may have the benefit of choice from all those who are in fact and in law qualified.' [Cits.]" *Weems v. Glenn*, 199 Ga. 388, 391 (34 SE2d 511) (1945).

The General Assembly has determined that those convicted of a felony involving moral turpitude cannot hold public office unless and until their rights of citizenship have been restored by a pardon. OCGA § 45-2-1 (3). However, it also has provided that entry and acceptance of a nolo plea shall not have the same effect as a disqualifying conviction. OCGA § 17-7-95 (c). Hardin contends that OCGA § 45-2-1 (3) is applicable here, but that OCGA § 17-7-95 (c) is not because Brookins entered his plea in Florida. Thus, under the construction advanced by Hardin, OCGA § 17-7-95 (c) applies only to one who enters a nolo plea in Georgia.

The two enactments are in pari materia and must be construed together. See *Ryan v. Commissioners of Chatham County*, 203 Ga. 730, 731-732 (1) (48 SE2d 86) (1948). The applicability of OCGA § 17-7-95 (c) is not limited to those who enter nolo pleas in Georgia and were convicted of violating this state's criminal laws. Instead, the statute speaks of "any other *civil disqualification* imposed upon a person convicted of *any offense under the laws of this state*." (Empha-

sis supplied.) Thus, the decisive factor is not where the nolo plea was entered, but simply whether the individual was convicted of a crime which is recognized as a disqualifying offense under Georgia law. In order to disqualify a citizen of this state from holding public office, a conviction for a felony involving moral turpitude in another state must necessarily constitute a conviction for a crime which also is an offense under our law. This is so because OCGA § 45-2-1 (3) specifies that the offense which underlies the foreign conviction "also [be] a felony in this state. . . ." Thus, one who is convicted in another state of committing a felony involving moral turpitude is disqualified under OCGA § 45-2-1 (3) if, but only if, the offense is also a felony in Georgia. If it is however, such individual has been convicted of a crime which constitutes an "offense under the laws of this state" as well, so that under OCGA § 17-7-95 (c) he is not ineligible to hold public office when the conviction is based upon a nolo plea. As the trial court noted, in the absence of a clear legislative intent to the contrary, the statutes cannot be construed so that a nolo plea entered in another state has a more severe effect on the rights of a Georgia citizen than if the plea was entered here. See *McLendon v. Evertt*, supra.

Although Brookins was convicted in Florida, the crime to which he pled nolo is a felony under our law. Thus, he would be disqualified from holding public office pursuant to OCGA § 45-2-1 (3), but he is exempted from such disqualification by OCGA § 17-7-95 (c). The trial court correctly construed the applicable statutes and properly ruled in favor of Brookins.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Robert E. Perrine, Jr.*, for appellant.
*Charles C. Stewart, Jr.*, for appellee.