A07A0936. TRUJILLO v. THE STATE.
(649 SE2d 573)

ELLINGTON, Judge.

Following a bench trial, a judge of the Superior Court of Camden County found Eduardo Jose Trujillo guilty of trafficking in marijuana, OCGA § 16-13-31 (c). Trujillo appeals from the judgment of conviction, raising the general grounds and contending the marijuana evidence seized from his truck should have been suppressed. Finding no error, we affirm.

1. When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, we view the evidence with all inferences in favor of the factfinder's conclusion, giving due regard to the trial court's opportunity to judge witness credibility. *Poole v. State*, 249 Ga. App. 409, 410 (1) (548 SE2d 113) (2001). The issue before us is whether the evidence was sufficient at trial to support a conviction under the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Viewed in this light, the record reveals the following facts.

On May 6, 2006, a Camden County Sheriff's deputy stopped Trujillo as he was driving his commercial tractor-trailer truck northbound on Interstate 95. The deputy stopped the truck because the air hoses and brake lines between the tractor and trailer were unsecured, in violation of federal law. The deputy testified that a ruptured hose could cause a truck's brakes to seize, creating a traffic hazard.

When the deputy asked for and received Trujillo's license, log books, and other paperwork, he smelled the odor of fresh, green marijuana on Trujillo's person. The deputy also noticed from the logbooks that Trujillo had not hauled a paying load in some time. While the deputy wrote a warning citation for Trujillo, he asked for and received consent to search the truck's cab. Although Trujillo is of Hispanic descent and speaks Spanish, the deputy testified, and the court found, that Trujillo and the deputy understood each other. The traffic stop was captured on videotape, and the State played the video for the court during the motion to suppress hearing.[1]

---

[1] The videotape was not submitted into evidence, however, at trial. Further, Trujillo did not request that a copy of the tape be made a part of the record on appeal pursuant to Court of Appeals Rule 21.

The deputy found two large duffel bags hidden inside the truck. The duffel bags contained many smaller plastic-wrapped packages of a green leafy substance that tested positive for marijuana. The bags and their contents together weighed 50 pounds. After the marijuana was tendered into evidence, the court inspected it and the duffel bags and concluded that the bags contained "well over 10 pounds" of marijuana, the minimum weight necessary to support a conviction for trafficking under OCGA § 16-13-31 (c).

(a) Pursuant to OCGA § 16-13-31 (c), it is illegal to traffic in "marijuana." Trujillo contends the State failed to prove that the substance seized was marijuana because there was no evidence establishing the tetrahydrocannabinol (THC) content of the plant material. Trujillo, however, fails to point to any Georgia law requiring such proof. Rather, pursuant to OCGA § 16-13-21 (16),

> "[m]arijuana" means all parts of the plant of the genus Cannabis, whether growing or not, the seeds thereof, the resin extracted from any part of such plant, and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include samples as described in subparagraph (P) of paragraph (3) of Code Section 16-13-25 and shall not include the completely defoliated mature stalks of such plant, fiber produced from such stalks, oil, or cake, or the completely sterilized samples of seeds of the plant which are incapable of germination.

Nothing in this Code section defines marijuana by the THC content of the plant matter. Further, THC is treated separately in the criminal code as a Schedule I drug. See OCGA § 16-13-25 (3) (P).

In the instant case, the State, through the testimony of its expert, adduced evidence demonstrating that the green leafy substance seized was marijuana through the use of three tests: Duquenois-Levine, Fast Blue B, and microscopic examination. These are recognized and scientifically accepted methods for determining if plant matter is marijuana in Georgia courts. *Cunrod v. State*, 241 Ga. App. 743, 744-745 (2) (526 SE2d 900) (2000); *Wilson v. State*, 256 Ga. App. 741, 744 (3) (569 SE2d 640) (2002). Consequently, Trujillo has failed to show that it was error for the State to rely upon these methods of proving that the contraband was marijuana.

(b) Trujillo also contends the State failed to prove that the net weight of the marijuana seized was ten pounds or more as required by OCGA § 16-13-31 (c). To the contrary, the evidence authorized the court to find beyond a reasonable doubt that the marijuana weighed more than ten pounds, the amount Trujillo was accused of possessing in the indictment.

As the record shows, the duffel bags and their contents weighed 50 pounds. A deputy testified that the marijuana alone was "[o]bviously well over ten pounds" and that the nylon duffel bags were light. The court gave Trujillo an opportunity to weigh the contraband in court, but he declined. The court observed the duffel bags and the contents of the bags and made a finding of fact that the marijuana, outside of the bags, weighed "at least 10 pounds."

While the amount of contraband confiscated, like any other element of the offense, must be proved by the State beyond a reasonable doubt, it does not have to be proven with mathematical certainty. In fact, an estimate of weight based upon reasonable factors can suffice. See *Evans v. State*, 176 Ga. App. 818, 822 (2) (338 SE2d 48) (1985) (gross weight of marijuana could be estimated based on number of and maturity of marijuana plants seized, the photographic evidence, and expert and eyewitness testimony submitted at trial). Here, it was not unreasonable for the court to conclude that two lightweight nylon duffel bags and some plastic wrap weighed less than forty pounds. Consequently, we find that a rational trier of fact could have found proof beyond a reasonable doubt that the amount of marijuana seized from Trujillo was at least the equivalent of the amount charged, ten pounds. Id.

2. Trujillo also contends the court erred in denying his motion to suppress the marijuana.[2] Where, as here, the evidence at a hearing on a motion to suppress is uncontroverted and no question of credibility is presented, we review the trial court's application of the law to undisputed facts de novo. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994). This Court's responsibility in reviewing the trial court's decision on the motion to suppress is to ensure that there was a substantial basis for the trial court's decision. *State v. McFarland*, 201 Ga. App. 495 (411 SE2d 314) (1991).

(a) Trujillo contends the deputy's decision to stop him "for the hose violation was a calculated ruse to search for drugs." In this case, Trujillo stipulated that he was in violation of the law when stopped. As we have held, "[e]ven if the officer witnessed only a minor traffic violation, a motion to suppress on the ground that the stop was pretextual must fail." (Footnote omitted.) *Green v. State*, 282 Ga. App. 5, 7 (1) (637 SE2d 498) (2006). Consequently, this claim of error is without merit.

---

[2] Trujillo also enumerates as error the court's ruling following a *Jackson-Denno* hearing. However, the substance of his argument on this alleged error pertains to the length and propriety of Trujillo's detention and not on the voluntariness of his statements. Thus, we will treat it as a continuation of Trujillo's challenge to the court's ruling on the motion to suppress the marijuana evidence.

(b) Trujillo contends his consent to search was coerced because it was obtained during a custodial interrogation and without the benefit of *Miranda*[3] warnings. The record reveals that the deputy asked for and received consent to search Trujillo's truck during a valid traffic stop and while the deputy was in the process of writing Trujillo a warning. There is no evidence in the record before us that the deputy's questioning unduly prolonged the traffic stop, resulting in an unauthorized seizure of Trujillo's person or an equivalent custodial detention for which *Miranda* warnings were required. Under these circumstances, there was no Fourth Amendment violation. See *Salmeron v. State*, 280 Ga. 735, 736-739 (1) (632 SE2d 645) (2006). We find no error.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED JULY 9, 2007.

*Richard O. Allen*, for appellant.

*Stephen D. Kelley, District Attorney, William S. Hart, Assistant District Attorney*, for appellee.

---

[3] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[1] OCGA § 40-6-391 (a) (1).
[2] OCGA § 40-6-391 (a) (5).
[3] OCGA § 40-6-48.