## A09A1175. SPILLERS v. THE STATE.

(683 SE2d 903)

ELLINGTON, Judge.

Following a bench trial, the Superior Court of Crawford County found Harold Spillers guilty of false swearing, OCGA § 16-10-71 (a). Spillers appeals, challenging the sufficiency of the evidence. We conclude that the State failed to prove that Spillers had the requisite criminal intent to support his conviction and, therefore, reverse.

> When a criminal defendant challenges the sufficiency of the evidence supporting his or her conviction, we view the evidence with all inferences in favor of the factfinder's conclusion, giving due regard to the trial court's opportunity to judge witness credibility. The issue before us is whether the evidence was sufficient at trial to support a conviction under the standards of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation omitted.) *Trujillo v. State*, 286 Ga. App. 438 (1) (649 SE2d 573) (2007). Viewed in this light, the record reveals the following facts.

In 1986, Spillers entered a plea of nolo contendere to a charge of aggravated assault. He completed his probated felony sentence in 1991 and has had no subsequent convictions.

In 2000, Spillers ran for a seat on the Crawford County Commission. In connection with qualifying for that election, Spillers executed a Declaration of Candidacy and Affidavit. Among many other statements relating to qualification,[1] the form affidavit required Spillers to swear as follows:

> I have never been convicted and sentenced in any court of competent jurisdiction for fraudulent violation of primary or election laws, malfeasance in office, or felony involving moral turpitude[2] or conviction [sic] of domestic violence under the laws of this State, any other State, or of the United States, or, if so convicted, that my civil rights have been restored; and at least ten years have elapsed from the date of the completion of the sentence without a subsequent conviction of another felony involving moral turpitude[.]

In light of his 1986 nolo contendere plea, Spillers discussed with Sarah Purvis, who was then the probate judge for Crawford County and the county's chief electoral official, whether he could execute the affidavit. Purvis, who knew of Spillers' plea, told him that she had contacted the Secretary of State about the matter and that Spillers was qualified to run for office. Purvis personally notarized Spillers' affidavit.

In early 2004, Spillers again planned to run for the Crawford County Commission. An agent of the Georgia Bureau of Investigation interviewed Spillers by telephone on March 11, 2004, after Spillers had contacted the Governor's office and complained that the sheriff of Crawford County had threatened to harm him and to expose his 1986 conviction to interfere with his upcoming campaign. In that telephone interview, Spillers acknowledged being "a convicted felon."

A few weeks later, Spillers executed a declaration and affidavit to qualify as a candidate in the Democratic primary. The form affidavit contained the same language regarding previous convictions as the affidavit Spillers executed in 2000. The district attorney charged Spillers with the offense of false swearing in connection with the 2004 affidavit, and the trial court found him guilty based on his failure to disclose his 1986 conviction.

On appeal, Spillers contends that there is no evidence that he

---

[1] See OCGA §§ 21-2-132 (f) (contents of notice of candidacy and affidavit required for general elections); 21-2-153 (e) (contents of notice of candidacy and affidavit required for party primary elections); 45-2-1 (grounds for disqualification).

[2] "In Georgia, all felonies are crimes involving moral turpitude." *Rehberger v. State*, 269 Ga. 576 (1) (502 SE2d 222) (1998), citing *Lewis v. State*, 243 Ga. 443, 445 (254 SE2d 830) (1979).

had the requisite criminal intent to commit the crime of false swearing. OCGA § 16-10-71 (a) provides:

> A person to whom a lawful oath or affirmation has been administered or who executes a document knowing that it purports to be an acknowledgment of a lawful oath or affirmation commits the offense of false swearing when, in any matter or thing other than a judicial proceeding, he knowingly and willfully makes a false statement.

See also OCGA § 21-2-565 (a). Thus, the essential elements of false swearing

> consist in (1) wilfully, knowingly, absolutely, and falsely swearing under oath or affirmation, (2) upon a matter as to which a party could legally be sworn, and (3) on oath administered by a person legally authorized to administer it. . . . [T]he intent to testify falsely and the falsity of the testimony must both appear.

(Citations, punctuation and emphasis omitted.) *Smith v. State*, 66 Ga. App. 669, 670 (19 SE2d 168) (1942).[3] The evidence is undisputed that Spillers believed that the form affidavit required him to swear, not that he was not a "convicted felon," but that he was not disqualified from holding public office by reason of a felony conviction. Indeed, such an interpretation reasonably follows from applicable Georgia law.

Generally, Spillers, as a Georgia citizen, has the right to hold public office "unless disqualified by the Constitution and laws of this state[.]" OCGA § 1-2-6 (a) (5). The Georgia Constitution provides the exception at issue here:

> No person . . . who has been convicted of a felony involving moral turpitude, unless that person's civil rights have been restored and at least ten years have elapsed from the date of the completion of the sentence without a subsequent conviction of another felony involving moral turpitude, . . . shall be eligible to hold any office . . . in this state.

---

[3] "Any person knowingly making any false statement in connection with filing a notice of candidacy under [OCGA §] 21-2-132 or in connection with qualifying as a candidate for party nomination under [OCGA §] 21-2-153 commits the offense of false swearing." OCGA § 21-2-565 (a).

Ga. Const. of 1983, Art. II, Sec. II, Par. III.[4] Although a judgment imposing sentence following a plea of nolo contendere is considered a "conviction" for some purposes,[5] however, such a conviction does not disqualify the defendant from holding public office or otherwise deprive him or her of any civil or political rights. OCGA § 17-7-95 (c).[6] Further, the purpose and overall content of the form, which closely tracks OCGA §§ 21-2-132 (f) and 21-2-153 (e), suggest that the statements in the form affidavit are all aimed at establishing a candidate's qualification to run for office.

Although there is evidence that Spillers knew he was a "convicted felon," the evidence is undisputed that Spillers believed that, when he executed the 2004 affidavit, he was swearing only that he was not disqualified from holding public office by reason of a felony conviction — which was subjectively true and was objectively correct under the applicable law. Furthermore, there is no evidence that Spillers intended to deceive the election board or the voters, as he believed that his 1986 conviction was generally known in the county. For the foregoing reasons, we conclude that there was no evidence supporting an inference that, in executing the 2004 affidavit, Spillers knowingly and wilfully made a false statement. As a result, his conviction for false swearing must be reversed. *Smith v. State*, 66 Ga. App. at 670-671.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED AUGUST 26, 2009.

*Hagler & Hyles, Richard C. Hagler*, for appellant.

---

[4] See also OCGA § 45-2-1 (3) ("Any person finally convicted and sentenced for any felony involving moral turpitude under the laws of this . . . state, unless restored to all his rights of citizenship by a pardon from the State Board of Pardons and Paroles[,]" is ineligible to hold any civil office.).

[5] *Blackmon v. State*, 266 Ga. App. 877, 878-879 (598 SE2d 542) (2004).

[6] OCGA § 17-7-95 (c) provides as follows:
Except as otherwise provided by law, a plea of nolo contendere shall not be used against the defendant in any other court or proceedings as an admission of guilt or otherwise or for any purpose; and the plea shall not be deemed a plea of guilty for the purpose of effecting any civil disqualification of the defendant to hold public office, to vote, to serve upon any jury, or any other civil disqualification imposed upon a person convicted of any offense under the laws of this state.
See also *Hardin v. Brookins*, 275 Ga. 477, 478-479 (569 SE2d 511) (2002) (although, pursuant to OCGA § 45-2-1 (3), any person convicted and sentenced for any felony involving moral turpitude is disqualified from holding any civil office, unless restored to all his rights of citizenship by a pardon from the State Board of Pardons and Paroles, a person convicted and sentenced for such a felony pursuant to a plea of nolo contendere is exempted from such disqualification by OCGA § 17-7-95 (c)). Because the civil rights of a person convicted pursuant to a plea of nolo contendere are not *lost*, it would be nonsensical to ask such a person to swear that his or her civil rights have been *restored*.

*Howard Z. Simms, District Attorney, Myra Y. Hutchinson, Assistant District Attorney*, for appellee.