**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 12, 2014**

# In the Court of Appeals of Georgia

A13A1922. FINCH v. THE STATE.                                    DO-072 C

DOYLE, Presiding Judge.

Following a jury trial, John Thomas Finch appeals from his conviction of 25 counts of false swearing,[1] contending that the evidence was insufficient to support his conviction. For the reasons that follow, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[2] and does not weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support

---

[1] OCGA § 16-10-71 (a).

[2] 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

each fact necessary to make out the State's case, we must uphold the jury's verdict.[3]

So viewed, the evidence shows that Finch owned or developed certain parcels of real property that he sold to home buyers. As part of the closing documents he executed for each property, Finch signed notarized affidavits stating that the materials used on the lots had been paid for and there were no outstanding debts for the construction. As explained by various trial witnesses from building material suppliers, numerous accounts for materials used in building the properties had not been paid at closing.

Based on the false affidavits, Finch was charged with 25 counts of false swearing. A jury trial ensued, and Finch was found guilty on all counts. Following the denial of his motion for new trial, Finch now appeals.

1. Finch argues that the evidence was insufficient to support a guilty verdict because nobody at the closing law firm swore him in by raising his right hand to take an oath, and because the notary arguably did not personally witness his signature.[4]

_____

[3] (Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

[4] There was some evidence that the notary saw Finch come and go from the room where the closing was held, but she was directly outside the room at the time Finch signed the closing documents. The notary then notarized the documents on the

2

Based on this, he argues that there was no lawful oath violated by his false statements. But this ignores the plain language of the false swearing statute, OCGA § 16-10-71 (a): "A person to whom a lawful oath or affirmation has been administered *or who executes a document knowing that it purports to be an acknowledgment of a lawful oath or affirmation* commits the offense of false swearing when, in any matter or thing other than a judicial proceeding, he knowingly and willfully makes a false statement." Thus, the offense of false swearing is defined to include signing documents that purport to be an acknowledgment of a lawful oath,

> regardless of whether an oath had actually been administered by an official. Under this broad[] definition, one who executed a document with knowledge that his mere execution would "purport" to be or would evince his "acknowledgment" that the statements contained therein were being made under lawful oath or affirmation could be held accountable for false swearing.[5]

---

direction of the closing attorney, who had checked his identification and witnessed the signature.

[5] *Holland v. State*, 172 Ga. App. 444 (1) (323 SE2d 632) (1984). See also *State v. Kindberg*, 211 Ga. App. 117, 118 (438 SE2d 116) (1993) ("A person commits the offense of false swearing generally when he, having either taken a lawful oath or affirmation or *executed a document knowing that it purports to be an acknowledgment of a lawful oath or affirmation*, knowingly and wilfully makes a false statement.") (emphasis supplied).

Finch concedes that the affidavits in question state that he was "duly sworn," and "on oath deposes and says" the averments in the affidavits. Thus, Finch's affidavits contained language purporting to be an acknowledgment of an oath or affirmation, and the evidence supported a finding of guilt as to false swearing.[6]

2. Finch also argues that certain evidence of his unpaid accounts violated the best evidence rule under former OCGA § 24-3-14.[7] But at trial, after he voiced his objection to a single witness's testimony, the trial court allowed counsel to confer and resolve any questions about the evidence being offered by the witness. After the conference, the witness continued with his testimony, including the formerly challenged testimony, without objection from Finch. Therefore, this issue has not been preserved for appeal.[8]

---

[6] Finch's reliance on *Spillers v. State*, 299 Ga. App. 854 (683 SE2d 903) (2009) does not require a different result in this case. That case, in dicta, restated in a paraphrase the quoted statutory elements of the crime as including "falsely swearing under oath" and an "oath" legally administered. Id. at 856. But the issue addressed by the Court in *Spillers* was one of intent based on the substance of the defendant's sworn statement, not the lack of a legal oath. Therefore, that case is not controlling here. See id. at 857.

[7] Because this case was tried before January 1, 2013, our new Evidence Code does not apply. See Ga. L. 2011, pp. 99, 214, § 101.

[8] See *Jeffers v. State*, 290 Ga. 311, 314 (4) (a) (721 SE2d 86) (2012) ("Standard practice in Georgia has long required a party to make and obtain a ruling on an

*Judgment affirmed. McFadden and Boggs, JJ., concur.*

---

objection to evidence in the trial court, before or as the evidence is admitted, in order to preserve the objection for appeal, and standard practice also allows parties to raise on appeal only the same objections that were properly preserved below."); *Smith v. Stacey*, 281 Ga. 601, 602 (1) (642 SE2d 28) (2007) ("It is the duty of counsel to obtain a ruling on his motions or objections.") (punctuation omitted); *Tuff v. State*, 278 Ga. 91, 93, n. 11 (597 SE2d 328) (2004). See also *Simpson v. Colonial Pipeline Co.*, 269 Ga. 520, 522 (3) (499 SE2d 634) (1998) (qualified witness can testify as to matters of personal knowledge and from business records). The testimony Finch now challenges was from the president of a flooring company who personally maintained his business accounts and stated that Finch still had outstanding balances.